UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IMANI MORGAN COLE,<br><br>        Plaintiff,<br><br>    -against-<br><br>ARIZONA DEPARTMENTOF CHILD SAFETY; EDWIN LORENZANA,<br><br>        Defendants. | 1:24-CV-3864 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff Imani Morgan Cole, of the Bronx, New York, brings this *pro se* action invoking the court's federal question and diversity jurisdictions and seeking damages. She names as defendants: (1) the Arizona Department of Child Safety ("ADCS"); and (2) Edwin Lorenzana, an ADCS investigator. Plaintiff's claims appear to arise from the defendants' removal of Plaintiff's child from her custody at "Banner Hospital" in Arizona. (ECF 1, at 4.) For the following reasons, the Court transfers this action to the United States District Court for the District of Arizona.

## DISCUSSION

  Under the relevant venue provision, 28 U.S.C. § 1391(b), unless otherwise provided by law, a federal civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a

defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. See § 1391(c)(1), (2).

Plaintiff alleges that the ADCS, which appears to be an Arizona state agency, resides in Arizona (ECF 1, at 2), but does not allege where Lorenzana resides. In any case, it is clear that this court is not a proper venue for this action under Section 1391(b)(1).[1] Plaintiff also seems to allege that the events that are the bases for her claims occurred within Arizona (see id. at 4), which constitutes one judicial district, the District of Arizona, see 28 U.S.C. § 82. Thus, while it is also clear that this court is not a proper venue for this action under Section 1391(b)(2), under that provision, the United States District Court for the District of Arizona is a proper venue for this action.

Under 28 U.S.C. § 1406(a), if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Because this court is not a proper venue for this action, and because, under Section 1391(b)(2), the United States District Court for the District of Arizona is a proper venue, in the interest of justice, the Court transfers this action to that court. See § 1406(a).

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for District of Arizona. Whether Plaintiff should be permitted to proceed further without

---

[1] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. 28 U.S.C. § 112(b).

prepayment of fees is a determination to be made by the transferee court. Summonses shall not issue from this court. This order closes this action in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 24, 2024
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge